**FOX, IMES & CROSBY, LLC**
Troy Fox, Esq.
Nevada Bar No. 11127
601 S. 10th St., Suite 202
Las Vegas, NV 89101
(702) 382-1007
info@FICLegal.com
tfox@FICLegal.com

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 23-14371-NMC |
| Leo Harold Santoro, | Chapter: 13 |
| Debtor. | |
| Stephanie Santoro aka Stephanie D. Gentry, | Adv. Case No. 24-01004-NMC |
| Plaintiff, | Hearing Date:    April 18, 2024 |
| vs. | Hearing Time:    9:30 a.m. |
| Leo Harold Santoro, | |
| Defendant. | |

### Motion to Dismiss Plaintiff's Adversary Complaint

COMES NOW, Debtor/Defendant Leo Harold Santoro, by and through his counsel of record Troy Fox of Fox, Imes & Crosby, LLC and hereby moves this Court to Dismiss Plaintiff Stephanie Santoro's Adversary Complaint in its entirety, with prejudice, pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based upon the attached Memorandum of Points and Authorities, the exhibits attached, the papers and pleadings on file with the Court, and any oral

Fox, Imes, & Crosby, LLC
601 S. 10th St. Suite 202 Las Vegas, NV 89101
Ph: (702) 382-1007 Fax (702) 382-1921

arguments the Court may consider at the time of hearing of this Motion.

DATED this 6th day of March 2024.

**Fox, Imes & Crosby, LLC**

/s/ Troy S. Fox
Troy S. Fox
Nevada Bar No. 11127
Attorney for Debtor

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

The debt at the center of the adversary complaint is the recent divorce decree entered into by the parties. The parties were married in February of 2022, and began divorce proceedings in early 2023, with the terms agreed to in about March or April of 2022, (just over one year after getting married) and all was finalized in August of 2023, meaning the marriage lasted legally only 18 months. There are no children between the two.

Additionally, as admitted in the Divorce Decree, a copy of which is attached hereto as **Exhibit "A"**, both parties were represented by counsel during the divorce proceedings. In fact, both parties admitted that "The parties have entered into this Stipulated Decree of Divorce freely, knowingly and intelligibly, and understand the contents of the Decree" (Ex. A, pg 1 ln. 26-27).

The Debtor filed his underlying Bankruptcy on October 5, 2023. Initially the case was filed as a Chapter 7, however, the Debtor filed a motion to convert the case to a Chapter 13 on January 3, 2024 (*see* Doc. #36). In his motion to convert, the Debtor admitted that he "owes an equalization payment to his former spouse pursuant to [a] divorce decree. He would like to provide for this through a chapter 13…" The Court granted the conversion and the order of conversion entered on February 8, 2024, after a hearing on the motion, which was unopposed.

Fox, Imes, & Crosby, LLC
601 S. 10th St. Suite 202, Las Vegas, NV 89101
Ph: (702) 382-1007 Fax (702) 382-1921

-2-

The debt which the Plaintiff now seeks to make non-dischargeable is listed in the Divorce Decree, at page 5 of 13, on lines 12-17.   That paragraph specifically states:

It is Further Stipulated, Ordered, Adjudged, and Decreed that Leo shall pay Stephanie $2,000 weekly beginning May 19, 2023 and continuing for 26 total weeks until complete. This payment is **expressly for the purpose of Interest-free Reimbursement for a Loan exchanged between the parties and bargained-for equalization of all property and debt rights and obligations above**" (**emphasis added**).

The Plaintiff has now raised non-dischargeability arguments under 11. U.S.C. §523(a)(2)(A); and §523(a)(5). For the reasons stated below, the Plaintiff has failed to allege facts sufficient to sustain a claim under either of those sections of the bankruptcy code, and as such, the complaint should be dismissed with prejudice.

## II.    LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FRCP 12(b)(6). Rule 12(b)(6) is an appropriate vehicle to challenge legally deficient remedies or improperly pled claims. *See* Whittlestone v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010). A properly pled complaint is required to contain "a short and plan statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Detailed factual allegations are not mandated under Rule 8, however, "more than labels and conclusions" are needed. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Therefore, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Id at 1949 (internal citation omitted).

In Iqbal, the U.S. Supreme Court set forth the two-step approach federal courts shall apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint. Id. at 1950. Notably, this same presumption is not extended to legal conclusions. Id. Mere recitations of the element of a cause of action supported by conclusory statements are additionally not sufficient. Id. at 1949.

Fox, Imes, & Crosby, LLC
601 S. 10th St. Suite 202, Las Vegas, NV 89101
Ph. (702) 382-1007 Fax (702) 382-1921

Second, the court shall consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible only when the plaintiff's complaint "alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." Righthaven, LLC v. DiBiase, No.2:10-cv-01343-RLH-PAL, 2011 U.S. Dist. LEXIS 41480, at *4 (D. Nev. Apr. 15, 2011) (internal citations omitted). A complaint that fails to meet this standard must be dismissed. Id.

With regards to claims under §523(a)(2)(A), the Plaintiff must allege facts which support each element of the claim.  "The required elements under §523(a)(2)(A) consist of the following: (1) the defendant made false representations; (2) the defendant knew the representations were false at the time made; (3) the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representations; and (5) the plaintiff sustained damages as a proximate result of these representations. (Cal. Bank & Tr. v. Licursi (In re Licursi), 573 B.R. 786, 798 (Bankr. C.D. Cal. 2017)) Courts have also noted "Section 523(a)(2)(A) renders non-dischargeable a debt for money "to the extent obtained by" misrepresentation, fraudulent omission, or deceptive conduct. The operative phrase here is "to the extent obtained by." Id. at 799.

In reference to the claim under §523(a)(5) the creditor must establish that the debt is in fact a "domestic support obligation" under §523(a)(5) and is not a debt owed "to a spouse, former spouse…of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor…in connection with a …divorce decree…or a determination made in accordance with State law…" as laid out in §523(a)(15).  11 U.S.C. §101(14A) defines in relevant part, a "domestic support obligation" as "a debt that accrues before…the order for relief in a case under this title…that is – (A) owed to or recoverable by – (i) a spouse…; (B) **in the nature of alimony, maintenance, or support of such spouse**…; (C) established…before…the order for relief in a case under this title, by reason of applicable provisions of – (i) a…divorce decree…;" (**emphasis added**).

Fox, Imes, & Crosby, LLC
601 S. 10ᵗʰ St. Suite 202, Las Vegas, NV 89101
Ph: (702) 382-1007 Fax (702) 382-1921

-4-

As will be further indicated below, as this Court applies the relevant standards, the necessary conclusion will be that the Plaintiff has failed to plead sufficient facts to support her claims.

## III. LEGAL ARGUMENT

### A. Plaintiff Has Failed to State Sufficient Facts to Support A Claim Under §523(a)(2)(A).

The allegations made do not support the required elements for a claim under §523(a)(2)(A).  First, the Plaintiff must show that the Defendant made false representations at the time the parties entered into the Divorce Decree.  Here, the Divorce Decree makes clear at page 10 of 13, lines 17-20 that:

> The parties further acknowledge and agree that they are fully aware of and understand the contents, legal effect, and consequences of this Decree of Divorce; that they enter into this Decree of Divorce freely, voluntarily, fee from duress, fraud, undue influence, coercion or misrepresentation of any kind, and with full knowledge of the consequences thereof.

Further, on the next page, at lines 1-6 the parties agreed:

> Plaintiff and Defendant agree that all other agreements heretofore made between them, whether oral or written, shall be null and void upon the execution of the Decree of Divorce. The parties further represent and agree that no warranties or representations, whether written or oral, except as may be expressly provided in this Decree of Divorce, have been made by either party to the other to induce the execution of this Decree of Divorce, and the parties hereto agree that his(sic) Decree of Divorce contains their entire agreement.

With that understanding, and with the advice of counsel, and with a complete understanding of the legal consequences of the agreement she was entering into, the Plaintiff entered into the Divorce Decree with the Debtor.  And according to that document, at the time the parties entered into the agreement, the only representations they relied on were the ones made in the decree and they had a full understanding of the legal consequences of the terms of that decree.

Fox, Imes, & Crosby, LLC
601 S. 10ᵗʰ St. Suite 202, Las Vegas, NV 89101
Ph: (702) 382-1007 Fax (702) 382-1921

Fox, Imes, & Crosby, LLC
601 S. 10th St. Suite 202, Las Vegas, NV 89101
Ph: (702) 382-1007 Fax: (702) 382-1921

The Plaintiff then alleges that <u>after</u> the parties entered into the decree, the Defendant admitted that as of May, he was going to be unable to pay the $2000. This is consistent with the initially filed Schedule J, which listed his debt obligation at $1163 per month, and at that amount left him with a $0 budget after his other expenses. In other words, as indicated in his filing, he wasn't going to be able to make the $2000 payment the Divorce Decree called for[1].

The Plaintiff then provides one side of various text messages sent by the Defendant to the Plaintiff. While it is clear why these parties are divorced, as the Court reviews these messages, all sent AFTER the terms of the Divorce Decree were submitted, the e-mails make clear that the Debtor couldn't make payments on the property settlement debt to his ex-wife, and that he intended to file bankruptcy. The Debor admits "Not paying you 2000 a week go ahead do what you need to do." This is an admission that he wasn't able to pay a bill, one of many which led him into bankruptcy. There is no admission that in January, February or March, while the parties were finalizing the agreement that the Debtor intended to never pay the Plaintiff.

The Debtor then states on May 23 in a text "with u called a loan I'll fill [sic] BK be done with you. Have a nice life idiot." Again, the Debtor admits he is contemplating a bankruptcy filing and that the bankruptcy will be the way he will deal with the property settlement amount owed to the Plaintiff. This cannot be a misrepresentation since it is true. And while the name calling is unnecessary, what it shows is far from what the Debtor alleges. Indeed, this is a factual statement about his intention, which turned out to be entirely true. It therefore cannot be a false, fraudulent, or misleading statement.

The Plaintiff then again provides various text messages from the Defendant (leaving out any response or context from the Plaintiff), wherein the Defendant again indicates that he is converting his case to a Chapter 13, which he did, that payments to his ex were only going to be through the plan, which is what will be required to happen.

---

[1] There was a change to the Debtor's finances, specifically obtaining consulting work which has increased his income and made a Chapter 13 possible.

The Debtor further indicates he may not pay the full debt, which in the case of a Chapter 13, to the extent these are property settlement amounts, may be true.  The point is, that while crude, and clearly angry texts, nothing the Debtor said was false, and nothing that he said indicated when he entered into the decree in March/April of 2023, that he intended to mislead the Plaintiff.  And again, the Plaintiff admitted in the Divorce Decree that there were no misrepresentations and no fraud by either party.  All of which means that even if taken as true, the Plaintiff has not alleged anything that would make the statements of the Defendant, in the divorce decree, fraudulent.  Indeed, if anything, the Debtor has been broadcasting his intent to file bankruptcy and has followed through with that representation as he indicated.

There simply are no false statements that the Plaintiff has been able to point to, that would contradict the very specific representations in the Divorce Decree.  And without a false or fraudulent statement, the Plaintiff cannot sustain a cause of action under §523(a)(2)(A).

Further, with all of the statements that the Plaintiff relies upon, being made by the Defendant AFTER the agreement was signed; with full knowledge of the Debtor's financial situation; and with NONE of those agreements being false or indicating AT THE TIME the Divorce Decree was finished between the parties, that the Debtor made a false or misleading statement with the intent to deceive the Plaintiff; and with the Divorce Decree itself making clear that the ONLY information relied upon by the Plaintiff was the information contained in the Divorce Decree; the Plaintiff cannot sustain the 2nd, 3rd, or 4th factors required to be proven to sustain the Plaintiffs claim.  Being unable to establish these elements, and indeed with a formal Divorce Decree making representations contrary to the elements of a §523(a)(2)(A) claim, the Plaintiff cannot succeed on her claim, and it should be dismissed with prejudice.

**B. The Debt In Question Is Clearly A §523(a)(15) Debt, And Not A §523(a)(5) Debt.**

The bankruptcy code creates two different types of debts streaming from a divorce decree.  The first type found in §523(a)(5) are those debts which are "in the nature of

Fox, Imes, & Crosby, LLC
601 S. 10th St. Suite 202, Las Vegas, NV 89101
Ph: (702) 382-1007 Fax (702) 382-1921

-7-

support" such as child support and alimony.  The second type, broader and more encompassing are those found in §523(a)(15) and include any debt created by a divorce decree that is not "in the nature of support."  These have generally been held to include equalization payments and property settlement. (see <u>Peery v. Escobar (In re Peery</u>), No. AZ-18-1311-FLB, 2019 Bankr. LEXIS 2441, at *10-11 (B.A.P. 9th Cir. Aug. 2, 2019)

The Debt in question in the Divorce Decree specifically states "This payment is <u>expressly for the purpose</u> of Interest-free Reimbursement for a Loan exchanged between the parties and <u>bargained-for equalization of all property</u> and debt rights and obligations above."  It literally could not have been clearer. Additionally, this is consistent with a marriage that only lasted 18 months.  There would be little expectation for alimony payments when the parties have been married for so short a time, and therefore would be less likely to have become financially dependent on one another.

Further, §1328(a)(1) makes clear that debts under §523(a)(15) are discharged IF the Debtor completes the Chapter 13 successfully.  Here, that is yet to be seen, but if the Debtor makes all payments under the plan, any remaining amount owed to the Plaintiff will be discharged.

HOWEVER, the majority of the money the Debtor pays into the plan over the next 3 years is likely to go to the Plaintiff, the Trustee will review the information and ensure the Debor is paying all of his disposable income to the plan, and the Chapter 13 will be overseeing the Debtor for the next 3 years to determine if there is ever additional money available to pay to creditors including the Plaintiff.

All of that being the situation, the Plaintiff cannot sustain a claim under §523(a)(5), as the Debt is NOT an (a)(5) debt, but is an (a)(15) debt as clearly indicated by the decree.

**C. Even If Granted Leave to Amend, the Plaintiff Could Not Prevail.**

As this Court is well aware, generally leave to amend is given freely, so that a party can correct insufficient pleadings.  However, this leave is not without limitations. "The central inquiry for a court in determining whether to grant leave to replead under Rule 15 is whether such "amendment would be futile." (<u>Loreley Fin. (Jersey) No. 3 Ltd. v.</u>

Fox, Imes, & Crosby, LLC
601 S. 10th St. Suite 202, Las Vegas, NV 89101
Ph: (702) 382-1007 Fax: (702) 382-1921

Wells Fargo Sec., LLC, 797 F.3d 160, 191 (2d Cir. 2015)).  Here, leave should not be granted because granting such leave would be futile.

Here, the Plaintiff's own evidence, even if taken as true, fails to establish the necessary elements for a §523(a)(2)(A) claim.  The Decree makes clear these parties entered into the agreement under the advice of counsel, were fully aware of the consequences of the decree as written, they relied only on the information in the decree, and they still proceeded with the decree.

All the text messages came after the decree was agreed to, and even the relevant ones are in fact true.  They show the Debtor not only didn't lie to the Plaintiff but told her the truth; that he couldn't make the payment, that he was going to file bankruptcy, that he was going to file a Chapter 13 and that he was going to deal with her debt in that Chapter 13.  None of that was a lie, was a misrepresentation, or a misstatement.  So, there is no way the Plaintiff can prevail on a §523(a)(2)(A) claim.

Second, the debt in question is a §523(a)(15) debt, NOT an (a)(5) debt. As such, it is dischargeable pursuant to §1328.  But such discharge is conditioned on the Debtor complying with the obligations of a Chapter 13 Debtor.

### IV.    CONCLUSION

For the above stated reasons, the Plaintiff's complaint should be dismissed with prejudice and without leave to amend.  The Plaintiff has simply failed to allege sufficient claims with sufficient support to sustain the claims for non-dischargeability raised under §523(a)(2)(A) and §523(a)(5).  Even if the Court were to accept all the representations of the Plaintiff as true, the Plaintiff cannot sustain her claims for non-dischargeability, and for that reason leave to amend would be futile.

Dated this 6th day of March 2024

**Fox, Imes & Crosby, LLC**

   /s/ Troy S. Fox
Troy S. Fox
Nevada Bar No. 11127
Attorney for Debtor

-9-

**CERTIFICATE OF MAILING**

I hereby certify that on the 6th day of March 2024, I served **Motion to Dismiss Plaintiff's Adversary Complaint** via ECF generated upon all counsel set up to receive notice via electronic service in this matter. Specifically, to the following:

SHAWANNA L. JOHNSON, ESQ.
Law Offices of Shawanna L. Johnson, Esq.
3311 S. Rainbow Blvd., Suite 144
Las Vegas, NV 89146

A Fox, Imes & Crosby, LLC Employee

# EXHIBIT "A"

Electronically Filed
08/13/2023 6:36 PM

CLERK OF THE COURT

**DECD**
**THE JACKS LAW GROUP**
**David R. Jacks, Esq.**
Nevada Bar No. 12409
Theodore M. Medlyn, Esq.
Nevada Bar No. 15284
1057 Whitney Ranch Drive, Suite 350
Henderson, Nevada 89014
Telephone: (702) 834-6300
Facsimile: (702) 982-7171
david@thejackslawgroup.com
teddy@thejackslawgroup.com
*Attorney for Plaintiff*

### EIGHTH JUDICIAL DISTRICT COURT
### FAMILY DIVISION
### CLARK COUNTY, NEVADA

| | |
|---|---|
| LEO SANTORO, | Case No.: D-23-666886-D |
| Plaintiff, | Dept. No.: S |
| vs. | |
| STEPHANIE SANTORO, | |
| Defendant. | |

### STIPULATED DECREE OF DIVORCE

COMES NOW, the Plaintiff, LEO SANTORO ("Leo"), by and through his attorney of record, David R. Jacks, Esq., of The Jacks Law Group and Defendant, STEPHANIE SANTORO ("Stephanie") by and through her attorney of record, Robert Blau, Esq., of the law firm 702-DIVORCE, who have resolved this matter by way of the terms set forth herein. The parties have entered into this Stipulated Decree of Divorce freely, knowingly, and intelligibly, and understand the contents of the Decree.

**JURISDICTION**

1. That the Court has complete jurisdiction in the premises, both as to the subject matter and as to the Parties herein.

2. That Plaintiff, Leo, has been a resident of the state of Nevada for at least six (6) weeks prior to filing this Complaint and intends to make Nevada his home for an indefinite period of time.

3. That the Parties were married on February 22, 2022, in Las Vegas, Nevada, and ever since have been and continue to be husband and wife.

4. The Parties have become, and continue to be, incompatible in marriage and no reconciliation is possible. The Parties are entitled to a Decree of Divorce.

5. That there are no minor children, by birth or adoption and neither party is pregnant.

**PROPERTY**

6. That Leo shall keep the following property as his sole and separate property, subject to any mortgage, loan, or other encumbrance, if any:

   a. 1985 Chevy Silvarado

7. That Stephanie shall pay $6,000 to Leo within 30 Days of notice of entry of this Decree as equitable EQUALIZATION PAYMENT for all other assets and debts.

8. That Leo shall pay Stephanie $2,000 weekly beginning May 19, 2023 and continuing for 26 total weeks until complete. This payment is expressly for

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 982-7171

the purpose of Interest-free Reimbursement for a Loan exchanged between the parties and bargained-for equalization of all property and debt rights and obligations above.

9.   That the Parties should keep all other assets, accounts, clothing, jewelry, or other personal property in their current name and possession as their respective sole and separate property.

10.  That except as otherwise provided in this Decree, the Parties waive and relinquish any and all rights or claims, in law or in equity, towards the Other Party.  These include without limitation: the right to split or in any way share or claim any interest whatsoever, now or at any future time, in IRAs, 401(k) plans, or any defined contribution plan, defined benefits plan, retirement plan or pension, savings plan, or profit sharing plan of any type available through employment, or any benefits thereof, which the other Party presently has or may acquire in the future.

## DEBTS

11.  That the Parties shall keep any and all unsecured debts that are in their names as their sole and separate debt, and the Parties shall also have the respective debts of any item that is listed in Paragraphs 6, and 8 listed above, and will indemnify, defend, and hold each other harmless from the same. If a party has half the interest in a property, they also have half the debt, if any. If there is a secured debt and the item is now owned by the other Party, the other

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 924-7171

Party has the property gets the debt that goes with the property as well. Each party shall also indemnify, defend, and hold harmless each other from any and all of their respective credit card debt, medical debt, or any and all debts in their name without the other person.

## TAXES

12. That the Parties shall File Federal Income Taxes as single unmarried persons for Tax Year 2023 and forward. Each party shall indemnify, defend, and hold harmless each other from their respective tax debt if any.

## NAME CHANGE

13. That Defendant should have her maiden name STEPHANIE GENTRY restored to her.

## BEHAVORAL OBLIGATIONS

14. That both parties are enjoined from publishing the likeness of the other in any public or online forum. Reasonable steps shall be taken by both parties to retract, delete, or otherwise remove any previously published likenesses immediately and no later than 30 Days from Notice of this Decree.

**Approved by:**

LEO SANTORO
Plaintiff

STEPHANIE SANTORO
Defendant

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 952-7171

## PROPERTY AND DEBT DIVISION

NOW THEREFORE, IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that the Property and debt division listed *supra* shall be adopted and ordered as though fully set forth in this order.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that Stephanie shall pay $6,000 to Leo within 30 Days of notice of entry of this Decree as equitable EQUALIZATION PAYMENT for all other assets and debts.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that Leo shall pay Stephanie $2,000 weekly beginning May 19, 2023 and continuing for 26 total weeks until complete. This payment is expressly for the purpose of Interest-free Reimbursement for a Loan exchanged between the parties and bargained-for equalization of all property and debt rights and obligations above.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that the Parties should keep all other assets, accounts, clothing, jewlery, or other personal property in their current name and possession as their respective sole and separate property.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that the parties should keep all other debts in their current name and possession as their respective sole and separate obligation, holding the other harmless and defending and indemnifying them from the same.

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that the community asset and debt division delineated herein and stipulated by the parties is, to the extent practicable, and equal distribution of the community assets and debts.

## TAXES

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED That the Parties shall File Federal Income Taxes as single unmarried persons for Tax Year 2023 and forward.

## NAME CHANGE

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that Plaintiff may have her former or maiden name of STEPHANIE GENTRY restored to her, if she desires.

## ATTORNEY FEES AND COSTS

IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED that for all costs and fees incurred, each party shall bear their own obligations.

## BEHAVIORAL

That both parties are enjoined from publishing the likeness of the other in any public or online forum. Reasonable steps shall be taken by both parties to retract, delete, or otherwise remove any previously published likenesses immediately and no later than 30 Days from Notice of this Decree.

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 982-7171

## MISCELLANEOUS & NOTICES

**IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED** that each party shall maintain and pay for his/her own automobile insurance and health insurance and will indemnify and hold each other harmless from the same.

**IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED** that unless otherwise ordered herein above, each of the Parties hereto shall upon request execute any and all documents necessary to effectuate the terms of this Decree of Divorce. Should either party fail to execute any necessary documents, the Clerk of the Court is empowered to execute the same pursuant to Rule 70, and the Party who failed to cooperate will be responsible for all the other Party's reasonable attorney's fees and costs to effectuate the execution of the necessary documents.

**IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED** that if any claim, action or proceedings is brought seeking to hold one of the Parties hereto liable on account of any debts, obligation, liability, act or omission assumed by the other Party, the responsible Party will, at his or her expense, defend the innocent party against any such claim or demand and he or she will indemnify, defend and hold harmless the innocent party. Any debt not listed herein shall be assumed by the Party who incurred the debt.

**IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED** that except as otherwise specified herein, any and all property acquired,

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 982-7171

1   income received or liabilities incurred by either of the Parties hereto from and after the

2   date of entry of this Decree shall be the sole and separate property of the one acquiring

3
    same, and each of the Parties hereto respectively grants to the other all such future
4

5   acquisitions of property as the sole and separate property of the one so acquiring the

6
    same and holds harmless and agrees to indemnify the other Party from any and all
7

8   liabilities incurred.

9        **IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND**

10
     **DECREED** that each of the Parties herein each expressly give up their respective
11

12   rights to request a formal Findings of Fact and Conclusions of Law, or to appeal any

13   Judgment or Order of this Court made and entered in these proceedings or the right to

14
     move to a new trial.
15

16   The Parties are put on notice of the following waivers:

17      • FULL DISCLOSURE OF PROPERTY

18          o Plaintiff and Defendant each covenant and represent to the other that he
              or she has made a full and fair disclosure of all property, or interest in
19            property, owned by Plaintiff and/or Defendant. Should it be found that
              there exist other community assets and/or debts which have not been
20            disclosed in this litigation and/or stated in this Decree of Divorce, either
              party may move the court for a partition of such asset(s), or for
21            indemnification of such debt(s), at any time hereafter. With respect to
              this paragraph, each party hereto specifically waives any and all
22            limitation periods for the bringing of an action to partition such
23            undisclosed asset(s) and debt(s) and further specifically stipulates that
              the failure to disclose such asset(s) and debt(s) constitutes extrinsic
24            fraud, which will invoke the jurisdiction of the court to participation such
25            undisclosed asset(s) and debt(s) at any future time.

26

27

28   ///

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 982-7171

- LEGAL REPRESENTATION
  - o  Each party hereto stipulates with the other and warrants that he or she has had the opportunity for independent legal representation by counsel of his or her own choosing in the negotiations for and the preparation of this Decree of Divorce.  Defendant hereby acknowledges, represents, and warrants that she has retained **Robert Blau, Esq. of 702-DIVORCE** for the purpose of representing her in the litigation and preparation of this Decree of Divorce. Plaintiff hereby acknowledges, represents, and warrants that he has retained **David Jacks, Esq. of The Jacks Law Group** for the purpose of representing him in the litigation and preparation of this Decree of Divorce.

  - o  Each party to this Decree of Divorce hereby understands and acknowledges that **Rober Blau, Esq., and 702-DIVORCE** represents Stephanie in this matter and is an advocate for her position, and that **David Jacks, Esq. and The Jacks Law Group,** represents Leo in this matter and is an advocate for his position. Both parties have entered into this Decree of Divorce without undue influence or coercion, or misrepresentation, or for any other cause except as herein specified.

- KNOWLEDGE, DISCLOSURE, AND WAIVERS
  - o  Each party enters into this Decree of Divorce having had a reasonable opportunity, with the advice of independent counsel, to obtain full knowledge of the extent and approximate present value of the community property and separate property of the other, and to the extent of having declined to examine and/or investigate, has thereby waived and does hereby waive and relinquish the right to do so.

  - o  Plaintiff and Defendant hereby acknowledge they are sufficiently acquainted with the other's earnings, property, and financial obligations in the degree and to the extent requested; that they have had reasonable opportunity to obtain knowledge of the property and financial obligations of the community and/or the other and, to the extent that they have not availed themselves of the opportunity to obtain such knowledge, each said party expressly waives the right to further disclosure thereof; that they have each ascertained and weighed all the facts, conditions, and circumstances likely to influence their judgment herein; that all matters embodied herein as well as all questions pertinent hereto have been fully and satisfactorily explained; that they have individually given due consideration to such matters and questions; that individually clearly understand and consent to all the provisions hereof;

and that they are entering into this Decree of Divorce, freely, voluntarily, without duress, and with full knowledge of the consequences thereof. Each party voluntarily and expressly waives any right to further disclosure of the property, earnings, and financial obligations of the community or the other party beyond the disclosure provide prior and within this Decree of Divorce.

o Plaintiff and Defendant acknowledge and agree that at their specific instructions, **Robert Blau, Esq.** and/or **David Jacks, Esq.**, have undertaken only minimal discovery and investigation to determine or confirm the nature, extent, or valuation of the subject assets and obligations. Plaintiff and Defendant hereby indemnify and agree to hold harmless, **Robert Blau, Esq.** and/or **David Jacks, Esq.** and their respective law firms from liability relating to the valuation of community assets and/or the herein described division of property. Plaintiff and Defendant also acknowledge and agree that each of them has independently obtained sufficient information necessary for them to individually determine to their satisfaction, the nature, extent, and/or valuation of the subject assets and obligations. Plaintiff and Defendant further acknowledge and agree that each of them has not relied on any representations by **Robert Blau, Esq.** and/or **David Jacks, Esq.** as to the nature, extent, and valuation of the subject assets and obligations or with respect to the division of properties and indebtedness.

o The parties further acknowledge and agree that they are fully aware of and understand the contents, legal effect, and consequences of this Decree of Divorce; that they enter into this Decree of Divorce freely, voluntarily, free from duress, fraud, undue influence, coercion or misrepresentation of any kind, and with full knowledge of the consequences thereof.

- <u>TAX ADVICE</u>
  o Plaintiff and Defendant acknowledge and agree that each of them has had the opportunity to discuss with independent tax counselors other than attorneys of record in the divorce action filed pertaining to the parties, concerning the income tax and estate tax implications and consequences associated with the agreed upon division of properties and indebtedness as set forth herein, and that **Robert Blau, Esq.** and **702-DIVORCE** and **David Jacks, Esq.** and **The Jacks Law Group**, were not expected to provide, nor did they provide, and tax advice concerning this Decree of Divorce.

THE JACKS LAW GROUP
1037 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 534-6300 FAX (702) 962-3171

- <u>OTHER AGREEMENTS AND REPRESENTATIONS</u>
  - o Plaintiff and Defendant agree that all other agreements heretofore made between them, whether oral or written, shall be null and void upon the execution of this Decree of Divorce. The parties further represent and agree that no warranties or representations, whether written or oral, except as may be expressly provided in this Decree of Divorce, have been made by either party to the other to induce the execution of this Decree of Divorce, and the parties hereto agree that his Decree of Divorce contains their entire agreement.

- <u>MUTUAL RELEASE OF OBLIGATIONS AND LIABILITIES</u>
  - o Plaintiff and Defendant agree that except as herein specified, each party hereto is hereby released and absolved from any and all obligations and liabilities for the future acts and duties of the other, and, except as herein specified, each of the parties hereby releases the other from any and all liabilities, debts, or obligations of every kind or character incurred up to this date.

- <u>NO PARTY DEEMED DRAFTER</u>
  - o Plaintiff and Defendant agree that neither party shall be deemed drafter of this Decree of Divorce and, in the event this Decree of Divorce is construed by a court of law or equity, such court shall not construe this Decree of Divorce or any provision hereof against either party as the drafter of the Decree of Divorce. Plaintiff and Defendant hereby acknowledge that both parties have contributed substantially and materially to the preparation of this Decree of Divorce.

**IT IS FURTHER STIPULATED, ORDERED, ADJUDGED, AND DECREED** that each Party shall submit the information required by NRS 125.130 on a separate form to the Court. Such information shall be maintained by the Clerk of the Court in a confidential manner and shall not be made part of the public record.

**NOTICE IS HEREBY GIVEN** that you have an affirmative duty to update any changes in your personal information by filing a Notice of Change of Address form, to ensure future receipt of notice in this action. The form can be found at the following

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 534-6300 FAX (702) 982-7111

1  link:    https://www.familylawselfhelpcenter.org/images/forms/misc/address-change-

2  pdf-fillable.pdf

3

4       **NOW THEREFORE, IT IS HEREBY STIPULATED, ORDERED,**

5  **ADJUDGED, AND DECREED** that the bonds of matrimony now and heretofore

6  existing between the Parties are hereby wholly dissolved, set aside, and forever held

7  for naught, and that an absolute Decree of Divorce is hereby granted to the Parties, and

8

9  each of the Parties are hereby restored to the status of a single, unmarried person.

10      **IT IS SO ORDERED, ADJUDGED, AND DECREED.**

11

12

13

14

15                                                    Dated this 13th day of August, 2023

16

17                                                    9E7 374 B6C8 154E
                                                      Vincent Ochoa
18                                                    District Court Judge
                                                      **702-DIVORCE**
19      **THE JACKS LAW GROUP, PLLC**

20

21      **David R. Jacks, Esq.**                      ROBERT BLAU, ESQ.

22      Nevada Bar No. 12409                          Nevada Bar No. 10857
        Theodore M. Medlyn, Esq.                      1389 Galleria Drive, Suite 200
23      Nevada Bar No. 15284                          Henderson, NV 89014
        1057 Whitney Ranch Drive, Suite 350          (702) 988-2600
24      Henderson, Nevada 89014                       rblau@defendingnevada.com
25      Telephone: (702) 834-6300                     *Attorney for DEFENDANT*
        David@thejackslawgroup.com                    *Stephanie Santoro*
26      Teddy@thejackslawgroup.com
27      *Attorneys for the PLAINTIFF*
28      *Leo Santoro*

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 982-7171

THE JACKS LAW GROUP
1057 WHITNEY RANCH DRIVE, SUITE 350
HENDERSON, NEVADA 89014
(702) 834-6300 FAX (702) 583-7171



# eSignature Details

| | |
|---|---|
| **Signer ID:** | **rXCBnQ8oRy6mcK7EpEpXtNSr** |
| Signed by: | Stephanie Santoro |
| Sent to email: | stephanie.d.gentry@gmail.com |
| IP Address: | 172.56.209.8 |
| Signed at: | May 17 2023, 11:44 am PDT |

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **yojBRWxXD3PfGoekkuuF6SBX** |
| Signed by: | Robert Blau, Esq. |
| Sent to email: | rblau@defendingnevada.com |
| IP Address: | 70.191.138.10 |
| Signed at: | May 17 2023, 12:16 pm PDT |

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Leo Santoro, Plaintiff

vs.

Stephanie Santoro, Defendant.

CASE NO: D-23-666886-D

DEPT. NO. Department S

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Decree of Divorce was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 8/13/2023

| | |
|---|---|
| Damian Sheets | dsheets@defendingnevada.com |
| Family Paralegal | info@defendingnevada.com |
| Eileen Tortuga | tortuga@defendingnevada.com |
| Robert Blau | rblau@defendingnevada.com |
| Rachel Salinas | rachel@defendingnevada.com |
| Stephanie Santoro | stephanie.d.gentry@gmail.com |
| Emily Whitney | emily@defendingnevada.com |
| Natalie Villanueva | natalie@defendingnevada.com |
| David Jacks | david@thejackslawgroup.com |
| Theodore Medlyn | teddy@thejackslawgroup.com |
| Jamie Jacks | jamie@thejackslawgroup.com |

Leah Wells                          leah@thejackslawgroup.com